IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGALA GARLAND, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC.<br><br>    Defendant. | CLASS ACTION<br><br>CASE NO. 1:23-cv-4899 |

## THE CHILDREN'S PLACE, INC.'S MOTION FOR SANCTIONS AGAINST COUNSEL FOR PLAINTIFF ANGALA GARLAND

Defendant The Children's Place, Inc., by its attorneys, pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent power of this Court, states as follows:

1. Plaintiff's counsel should be sanctioned under Rule 11. "A court may impose sanctions under Rule 11 if, among other things, a lawsuit is not well grounded in facts." *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D. Ill. 2007) (J. Kennelly) (awarding sanctions); Fed. R. Civ. P. 11(b)(3). Plaintiff's counsel filed suit asserting that Defendant's school uniforms categorically contain per- and polyfluoroalkyl substances ("PFAS") chemicals. Plaintiff's counsel knew this was false because pre-filing, they tested two items of Defendant's clothing. One of these items tested negative for PFAS. The second item tested positive for trace levels of one PFAS chemical and the lab flagged the result as unreliable on several bases. Plaintiff's counsel did not conduct another round of testing prior to filing the Complaint. Accordingly, counsel did not perform adequate inquiry and the Complaint is not well grounded in facts.

2. Defendant subsequently shared its test results for each of the products identified by Plaintiff in the Complaint, and these show that none contained PFAS. Despite sharing these results, Plaintiff has refused to dismiss her Complaint.

3. Defendant complied with the requirements of Fed. R. Civ. Proc. 11 prior to filing the instant Motion.

4. In support of this Motion, Defendant is contemporaneously filing a Memorandum of Law which it expressly incorporates by reference as if fully stated herein, and Declaration of Craig Cardon.

WHEREFORE, Defendant respectfully requests that this Court sanction Plaintiff's counsel pursuant to Rule 11, 28 U.S.C. § 1927, and this Court's inherent powers. Specifically, Defendant requests that the Court dismiss Plaintiff's suit, compensate Defendant for its legal fees and expenses incurred in investigating Plaintiff's claims and filing the Rule 11 motion, and restrict Plaintiff and her counsel from making any other baseless claims against Defendant.

-3-

Date: September 28, 2023     Respectfully submitted,

/s/ *P. Craig Cardon*
P. Craig Cardon, Cal. Bar No. 168646(*pro hac vice*)
Jeffrey J. Parker, Cal. Bar No. 155377(*pro hac vice*)
Abby H. Meyer, Cal. Bar No. 294947 (*pro hac vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 160
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
CCardon@sheppardmullin.com
JParker@sheppardmullin.com
AMeyer@sheppardmullin.com

David M. Poell (ARDC #6302765)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 N. Clark, 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6300
Facsimile: (312) 499-6301
DPoell@sheppardmullin.com

*Attorneys for The Children's Place, Inc.*