IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA GARLAND, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHILDREN'S PLACE, INC.,<br><br>Defendant. | Case No. 23 C 4899 |

### ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

Angala Garland has filed a lawsuit on behalf of a putative class against The Children's Place, Inc. (TCP), a retailer that sells children's clothing. Garland alleges that certain of TCP's products—school uniforms—contain polyfluoroalkyl substances (PFAS) that may be harmful to children and that it does not disclose this to consumers. She alleges that if this information had been disclosed, she and other class members "would not have purchased the School Uniforms" and instead "would either purchase other school uniforms that are free from PFAS or would have paid less for the School Uniforms at issue." Compl. ¶ 9.

TCP has moved to dismiss the complaint for lack of standing and, if that motion is denied, intends to move to dismiss for failure to state a claim. But before moving to dismiss, TCP filed a motion for sanctions against Garland's counsel. In the motion, TCP contends that counsel knew the allegation that TCP's uniforms contained PFAS was false. TCP says that before filing suit, Garland's counsel had two items of TCP's clothing tested and that one was negative for PFAS and the other "tested positive for trace levels of one PFAS chemical and the lab flagged the result as unreliable on

several bases." Def.'s Mot. for Sanctions at 1. TCP contends that "counsel did not perform adequate inquiry and the Complaint is not well grounded in facts." *Id.*

Defendant seeks sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent power. Rule 11 provides that by filing a document with the Court, an attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing has an adequate foundation in fact and law, and "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Rule 11 embodies both an objective and a subjective standard, prohibiting "frivolousness on the objective side" and "bad faith on the subjective side." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 583 (7th Cir. 2019) (citing *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 930 (7th Cir. 1989)).

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Seventh Circuit has said that section 1927 "sets a higher standard for sanctions" than Rule 11, *see United Stars Indus., Inc. v. Plastech Engineered Products, Inc.*, 525 F.3d 605, 610 (7th Cir. 2008), but elsewhere it has described the standard in a way rather similar to that just referenced for Rule 11:

> Some of our cases say either subjective or objective bad faith is a prerequisite for awarding sanctions pursuant to § 1927, while others seem to suggest otherwise. We read the cases as drawing a distinction between subjective and objective bad faith. Subjective bad faith, the more difficult type of bad faith to prove, is not always necessary. Subjective bad faith must be shown only if the conduct under consideration had an

> objectively colorable basis. The standard for objective bad faith does not require a finding of malice or ill will; reckless indifference to the law will qualify. If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.

*Dal Pozzo v. Basic Machinery Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (internal quotation marks and citations omitted).

Finally, a court has inherent authority to impose sanctions for litigation misconduct that involves "bad faith, designed to obstruct the judicial process, or a violation of a court order." *REXA, Inc. v. Chester,* 4 F.4th 652, 671 (7th Cir. 2022).

Garland's counsel contend that before filing suit, they had the following information that supported their claims:

- research published by the Sierra Club, a not-for-profit environmental advocacy organization, indicating that pants sold by TCP in 2020 tested positive for "total fluorine," an indicator of the presence of PFAS chemicals;

- studies sponsored or reported by US and foreign governmental agencies indicating that PFAS exposure can come through skin absorption;

- a 2022 health advisory by the US EPA warning of a danger to human health from PFAS exposure;

- studies indicating that this danger is greater in children; and

- test results regarding a product purchased from TCP by Garland showing the presence of a PFAS chemical.

The latter point appears to be the main bone of contention. Garland's counsel had two school uniform items purchased from TCP and worn by her child tested by a laboratory using what counsel contend is industry standard testing. One of the items, a

3

shirt, tested positive for the presence of one PFAS chemical at a level of 260 ng/kg, which according to plaintiffs is above the reference range of 200 ng/kg. TCP contends that this was far too thin a reed to support the sweeping allegations made by Garland about TCP's school uniform products. In addition to the fact that it involved only one item (of the two sent for testing), TCP points out that because the item had been used, the PFAS could have been deposited post-purchase. It also notes that the testing was positive only for a single one of the numerous PFAS chemicals that exist.

One can fairly challenge the reasonableness of an inference drawn from a single test result on a single clothing item with respect to the entirety of TCP's school clothing product line. But the Court is not prepared to say that the filing of the complaint was objectively unreasonable. The single test result was positive at least for one PFAS chemical, and the contention that TCP's products contained PFAS was also supported by the Sierra Club information that Garland's counsel had reviewed. Whether and the extent to which the positive test results can be attributed to other sources or factors is not appropriately adjudicated in detail at this point; no *Daubert* or similar challenge is before the Court. In sum, this and the other information cited by Garland's counsel was sufficient to make the filing of the lawsuit both objectively and subjectively reasonable, even though Garland ultimately may not succeed on the merits. *Cf. Bilharz v. First State Bank of Wis.*, 98 F.3d 985, 989 (7th Cir. 1996) ("[A]lthough Bilharz' arguments were undoubtedly weak, we cannot say that her claims were so devoid of factual support that sanctions were appropriate.").

The Court also notes that after receiving TCP's Rule 11 challenge, Garland's counsel say they purchased additional unworn and unwashed school uniforms from

4

TCP and had them tested. Ten items tested positive for particular PFAS substances and/or total fluorine. This doesn't defeat TCP's Rule 11 motion because the analysis of that is based on the information counsel had at the time they filed the challenged document, in this case the complaint. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004). But it's at least relevant regarding TCP's request for sanctions under section 1927. And if nothing else, it reinforces the proposition that the merits of the lawsuit are best decided via procedures that have that purpose, such as a motion to dismiss or a motion for summary judgment, not via a request to impose sanctions upon counsel. *Cf. id.* ("The fact that the underlying claim turned out to be groundless does not necessarily mean that Rule 11 sanctions are appropriate (much less required).").

## Conclusion

For the reasons stated above, the Court denies defendant's motion for sanctions [dkt. no. 18].

Date: November 17, 2023

_____
MATTHEW F. KENNELLY
United States District Judge