UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGALA GARLAND AND JOELIS SALDANA, individually and on behalf of all others similarly situated, | Case No. 1:23-cv-4899 |
| Plaintiff, | Hon. Judge Matthew F. Kennelly |
| v. | |
| THE CHILDREN'S PLACE, INC., | |
| Defendant. | |

**THE CHILDREN'S PLACE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant The Children's Place, Inc. ("Defendant"), by and through its attorneys, respectfully moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.
## INTRODUCTION

Plaintiffs' second bite at the apple, the First Amended Complaint ("FAC"), is deficient in multiple respects. Perhaps most glaring, they plead various harms based on false advertising – but fail to identify any advertising, let alone advertising that they saw. They continue to attack Defendant's entire School Uniform product line (i.e., nearly 1,400 product types) as valueless due to the purported presence of PFAS, yet the FAC proves that Defendant's School Uniform products do not categorically contain PFAS. Plaintiffs assert that Defendant should have warned consumers about PFAS in the products, yet no regulating body required this of Defendant. Plaintiffs attempt to scapegoat Defendant, all while knowing that PFAS are everywhere. *Hardwick v. 3M Co. (In re E.I. du Pont de Nemours)*, 2023 U.S. App. LEXIS 31297, *4, __ F.4th __, (6th Cir. Nov. 27, 2023) (finding plaintiff lacked standing; "[f]or most if not nearly all Americans, interaction with materials containing PFAS is a fact of daily life."). Specifically, the FAC fails on all of the following grounds:

First, Plaintiffs cannot demonstrate Article III standing. Their claims are premised on their contention that all School Uniform products contain PFAS, but this is demonstrably false. They also lack standing to attack all School Uniform products because they did not purchase all such products and the allegations show that PFAS substances are not present in all of these products. In addition, Plaintiffs lack standing to bring claims on behalf of a nationwide class because they are Illinois and Florida residents and purchased their products within their home states. Finally, Plaintiffs lack standing to seek injunctive relief because they have not stated

sufficient facts to show a certainly impending future injury and they cannot be deceived again in the future.

Second, even if they could demonstrate Article III standing, each of their claims fails. Plaintiffs have not stated a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") because they have not identified any advertisements they saw or relied on, the only identified statements are not actionable under the statute, and the claimed omissions are insufficiently alleged. Plaintiffs' claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") fails because they have not demonstrated the "causation" element of their claim and the only identified statements are not actionable under the statute. Plaintiffs have not stated a claim for fraudulent concealment because Plaintiffs do not and cannot establish that Defendant had a duty to disclose. Plaintiffs' claim for breach of warranty falls with its consumer fraud claims, because they failed to give pre-suit notice, and the allegations show that the products were in fact merchantable. Plaintiffs' unjust enrichment claim also falls with their consumer fraud claims.

## II.
## BACKGROUND

Defendant is a manufacturer of children's clothes and sells its products in brick-and-mortar locations and online. (FAC, ¶ 9.) Defendant's offerings include a school uniforms product line, which includes approximately 1,400 products.[1] Its corporate website describes the company as having "achieved our success on the basis … [that] whenever our customers choose to shop with us, they trust The Children's Place … to provide quality, value, and style." (*Id.*, ¶ 26.) On its corporate website, Defendant has available its 2021 Environment, Social, &

---

[1] https://www.childrensplace.com/us/c/kids-school-uniform-shop (last accessed Dec. 20, 2023.)

Governance Report (the "Report"). (*Id.*, ¶ 84 and n.34.) The Report states that Defendant's "products undergo testing to support compliance with regulatory requirements." (*Id.*, ¶ 84.) Notably, at no time has PFAS in textiles been subject to regulation by any Federal or State agency. (*See id.*, ¶ 70 (acknowledging widespread use of PFAS in textiles), ¶ 72 (identifying only a scientific recommendation to avoid PFAS), Cal. Health & Safety Code § 108970, et seq. (law takes effect January 1, 2025).)

Plaintiffs are two parents who each purchased Defendant's school uniform products for their children. (FAC, ¶¶ 27, 38.) Plaintiffs' schools required the children to wear uniforms. (*Id.*, ¶¶ 29, 40.) Plaintiffs allege that they "purchased the School Uniforms as a direct and intended result of Defendant's advertising, marketing, and promotion," but never identify the advertising they purport to have seen. (*Id.*, ¶¶ 30, 41.) Plaintiff Garland's child wore Defendant's products during the 2022-2023 school year, and Plaintiff Saldana's child wore Defendant's products for the Spring 2023 and Fall 2023 semesters. (*Id.*, ¶¶ 28, 39.) The clothes were used as intended and Plaintiffs do not allege that the clothes did not last. (*Id.*, ¶¶ 30, 41.) Plaintiffs also do not allege that their children experienced any adverse reactions to the clothes. (*See generally*, FAC.)

### III.
### THE COURT SHOULD DISMISS THE FAC ON ARTICLE III STANDING GROUNDS

**A.     Standard for Dismissal Under Fed. R. Civ. P. 12(b)(1)**

A party invoking federal jurisdiction must first establish Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992). Specifically, the plaintiff must have suffered an "injury-in-fact" that is traceable to the defendant's challenged conduct and redressable by a favorable decision from the court. *Id*. at 560-61. An injury-in-fact amounts to an actual or imminent invasion of a legally protected interest that is concrete and particularized. *Id*. at 560.

In a class action like this one, the plaintiffs must establish standing on multiple fronts:

> They must establish standing to bring their individual claims, based on the products that they themselves purchased. They must establish standing to bring their claims on behalf of the putative class members, which is a separate obligation that is distinct from class certification under Federal Rule of Civil Procedure 23. Last, they must establish standing for each type of relief that they seek, including both monetary and injunctive relief.

*Richburg v. ConAgra Brands, Inc.*, 2023 U.S. Dist. LEXIS 21137, *10-11 (N.D. Ill. Feb. 8, 2023) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Plaintiffs lack each type of standing.

**B.** **Plaintiffs Lack Standing To Bring Claims As to All Products They Purchased That Have Not Tested Positive for PFAS**

Plaintiffs purport to assert claims as to all products they purchased, but lack standing for such a broad claim because not all of them contained PFAS. The gravamen of the FAC is that the School Uniforms are "worthless or less valuable" due to the presence of PFAS. (FAC, ¶¶ 12-13.) Thus, Plaintiffs can only show an actual injury in fact if their purchased products contained PFAS. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021) ("Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not."). They have not made, nor can they make, this showing. Plaintiff Garland purchased eight products (some were multi-packs), tested two items, and received one positive PFAS result (for a shirt) and one negative result. (FAC, ¶¶ 27, 35.) Plaintiff Saldana purchased 13 items, tested all of them, and received results showing they were positive for total fluorine, *but not for PFAS*.[2] (*Id.*,

---

[2] Testing for "total organic fluorine" or "TOF" is appropriate to determine if a product is PFAS free. See https://www.bvna.com/insight/pfas-analysis-toolkit-lcmsms-total-oxidizable-precursors-tops-and-total-organic-fluorine (last visited Oct. 16, 2023). "Organic fluorine," which is a subset of "total fluorine," can indicate the potential presence of PFAS. *See, e.g.,* https://www.sciencedirect.com/science/article/abs/pii/S0269749108004156 (last visited Oct. 16, 2023) ("Total fluorine (TF) is equal to the sum of inorganic fluorine (IF) and organic fluorine (OF)"); https://pubs.acs.org/doi/epdf/10.1021/acs.est.2c05198 (last visited Oct. 16, 2023) ("Measurement of total fluorine (TF) is inexpensive, but it is not as reliable of a proxy for PFAS because it includes inorganic fluoride in addition to organic fluorine. By contrast, extractable

¶¶ 38, 46.) At most, Plaintiffs can claim standing as to the type of shirt purchased by Garland that tested positive for PFAS (the complaint does not specify whether this was the polo or long-sleeve polo, *see id.*, ¶ 35).[3]

Plaintiffs attempt to establish standing by alleging that "Defendant produces its School Uniforms in a manner that creates a substantial risk of PFAS contamination," (FAC, ¶ 4), but these allegations still do not satisfy Article III. A "risk" of contamination is not "concrete and particularized" or "actual or imminent." *Lujan*, 504 U.S. at 562; *TransUnion*, 141 S. Ct. at 2203. This is particularly true because Defendant tested eight types of products allegedly purchased by Plaintiffs, and all tested negative for total fluorine. These findings conclusively established that none of those eight types of products contained PFAS. (Dkt. 19-3.)

C.  **Plaintiffs Lack Standing To Bring Claims Against All School Uniform Products They Did Not Purchase**

Plaintiffs also lack standing to assert claims against all of Defendant's School Uniform products because (i) they did not purchase all such products and (ii) the allegations unequivocally show that not all School Uniforms contain PFAS. The Seventh Circuit has made clear that "a person cannot predicate standing on injury which he does not share." *Flaherty v. Clinique Labs. LLC*, 2021 U.S. Dist. LEXIS 219455, *11 (N.D. Ill. Nov. 15, 2021) (citing *Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002)). In this District, courts have determined that plaintiffs either (a) cannot maintain claims based on unpurchased products, or (b) must demonstrate standing by showing that the unpurchased products are substantially

---

organic fluorine (EOF) measurements exclude interference from any inorganic fluoride by removal of the inorganic fraction via extraction").

[3] Plaintiffs also fail to satisfy the "traceability" requirement (*Lujan, supra,* 504 U.S. at 560) because they tested products after their children had worn them. They do not allege that they took care to avoid cross-contamination during the school year.

similar to those that were purchased. *Flaherty*, 2021 U.S. Dist. LEXIS 219455 at *10-13 (collecting cases). Under (a), the maximum number of products that could be included in Plaintiffs' complaint is 15 (*i.e.*, the products they collectively purchased), and for the reasons stated above, they should be limited to just the one product that tested positive for PFAS. *Id.*, citing, *e.g., Brodsky v. Aldi Inc.*, 2021 U.S. Dist. LEXIS 185436, *6-7 (N.D. Ill. Sept. 28, 2021).

Under (b), courts evaluate the degree of similarity between the unpurchased and purchased products, such as whether both contained "the same combination of offending ingredients." *Flaherty*, 2021 U.S. Dist. LEXIS 219455 at *13. A plaintiff cannot demonstrate standing for unpurchased products by pointing to generic similarities. *Id.* at *12; accord, *Benson v. Fannie May Confections Brands, Inc.*, 2018 U.S. Dist. LEXIS 32781, *15 (N.D. Ill. Feb. 28, 2018) (same). Here, the allegedly actionable characteristic is the presence of PFAS, so Plaintiffs must show that the other School Uniform products, *in fact*, contain PFAS. They cannot assume it is present.

Plaintiffs do not and cannot show sufficient "similarity" as to the 1,385 School Uniform products they did *not* purchase. In fact, their FAC establishes the opposite: testing by Plaintiffs and their counsel proves that PFAS are not present in all of the tested products. (FAC, ¶ 50 (four products tested negative for PFAS or even total fluorine); ¶¶ 52-53 (one of two had no PFAS); ¶ 63 (4 of 34 tested positive for PFAS).) Therefore, Plaintiffs cannot show that they have standing to pursue claims against 1,400 product types based on these few positive test results. *Flaherty*, 2021 U.S. Dist. LEXIS 219455 at *13; *Benson*, 2018 U.S. Dist. LEXIS 32781 at *15.

Plaintiffs' citations to scientific sources do not solve their Article III standing problem. First, Plaintiffs' cited materials show that PFAS are everywhere in the environment. (*See, e.g.*, FAC, ¶ 65, n.11, 14.) Indeed, the cited material from the Centers for Disease Control and

Prevention ("CDC") goes on to state that "[m]ost people in the United States have been exposed to PFAS and have PFAS in their blood." (*Id.*) The CDC's contention undermines Plaintiffs' argument that Defendant's School Uniforms are purportedly worthless or overpriced.

Second, Plaintiffs cite to general studies showing that PFAS may be found in school uniform products; but critically, none of these studies tested Defendant's clothing items. (FAC, ¶¶ 76-79.) The studies are therefore irrelevant. *See, e.g.*, *Onaka v. Shiseido Americas Corp.*, 2023 U.S. Dist. LEXIS 53220, *14 (S.D.N.Y. Mar. 28, 2023) ("courts repeatedly emphasize that the third-party testing or investigation must address misbranding at least by the same manufacturer in plaintiffs' case") (citing *Clinger v. Edgewell Personal Care Brands LLC*, 2023 WL 2477499, *3 (D. Conn. Mar. 13, 2023)); *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736-37 (2d Cir. 2017); *see also Meyer v. Colavita USA Inc.*, 2011 U.S. Dist. LEXIS 162814, *18-19 (S.D. Fla. Sept. 13, 2011) (rejecting a limited scope study conducted by nonparties as sufficient to support allegations and dismissing FDUPTA claim).

Finally, Plaintiffs cite a study by Silent Spring, but Silent Spring tested just one of Defendant's product types that it obtained in 2020. (FAC, ¶ 75.) Plaintiffs cannot rely on Silent Spring's testing to cure their lack of standing because Silent Spring's 2020 purchase is too distant in time from Plaintiffs' purchases in 2022 and 2023. (FAC, ¶¶ 27, 38.) *See Onaka*, 2023 U.S. Dist. LEXIS 53220 at *13 (dismissing PFAS complaint on Article III standing grounds; independent testing must be "reasonably near in time" to plaintiff's purchases); *Fahey v. Deoleo USA, Inc.*, 2018 U.S. Dist. LEXIS 190934, *6 (D.D.C. Nov. 8, 2018) (finding the importance of temporal proximity between tests by others and tests conducted by plaintiff); *see also Gaminde v. Lang Pharma Nutrition, Inc.*, 2019 U.S. Dist. LEXIS 48595, *6-7 (N.D.N.Y. Mar. 25, 2019) (rejecting study by USDA as sufficient to confer standing on plaintiff). Silent Spring's test

results for products purchased *in 2020* "therefore makes it nothing more than a 'sheer possibility' that [Plaintiff's] purchases [two years later] likewise contained PFAS." *Onaka*, 2023 U.S. Dist. LEXIS 53220 at *13 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

For the foregoing reasons, Plaintiffs cannot establish that they have Article III standing to pursue sweeping claims against all of Defendant's School Uniform products.

D. **Plaintiffs Lack Standing To Bring Claims On Behalf Of A Nationwide Class**

Plaintiffs lack standing to bring claims under the laws of states where they did not reside when purchasing products. *Richburg*, 2023 U.S. Dist. LEXIS 21137 at *17 (granting motion to dismiss nationwide class because the plaintiffs had not alleged an injury in fact in those jurisdictions, and therefore had not established standing). Plaintiffs are an Illinois resident who only made purchases within the state of Illinois and a Florida resident who only made purchases within the state of Florida. (FAC, ¶¶ 27, 38.) Thus, they cannot represent a nationwide class because they do not have an injury in fact in the other jurisdictions.

E. **Plaintiffs Lack Standing To Seek Injunctive Relief**

Plaintiffs also lack standing to seek injunctive relief for their individual and putative class claims. An allegation of future injury must be "certainly impending" to confer standing. *See, e.g.*, *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Courts in this district have previously found that it is insufficient for plaintiffs to "allege that they would 'consider' purchasing defendant's product in the future" so long as "defendant 'took corrective action.'" *Richburg*, 2023 U.S. Dist. LEXIS 21137 at *16. This is because the allegation "presupposes injunctive relief, rather than compelling it." *Id*. Here, Plaintiffs allege only that they "would again purchase School Uniforms from Defendant if they did not contain PFAS." (FAC, ¶¶ 37, 48.) As in *Richburg*, this allegation is insufficient because it "presupposes" the success of the action rather than compelling changed conduct. Because Plaintiffs lack standing to seek injunctive

relief for themselves, they cannot seek injunctive relief on behalf of a putative class. *Richburg*, 2023 U.S. Dist. LEXIS 21137 at *16-17.[4]

Further, Plaintiffs cannot seek injunctive relief given they are now aware of the alleged deceptive practices. *Davis v. Ricola USA, Inc.*, U.S. Dist. LEXIS 163847, *17 (C.D. Ill. Sep. 9, 2022) (consumer "cannot seek injunctive relief once they are aware of a deceptive practice"). A plaintiff is not entitled to injunctive relief by merely speculating that she will be harmed again at some indefinite time in the future. *Id.* Plaintiffs cannot seek this relief.

### IV.
### THE FAC FAILS TO STATE ANY CLAIM AND SHOULD BE DISMISSED

**A.     Standard for Dismissal Under Rules 12(b)(6) and 9(b)**

Under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Paradigm Care & Enrichment Ctr., LLC v. W. Bend Mut. Ins. Co.*, 33 F.4th 417, 420 (7th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). To meet this standard, the complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). In making that determination, the court applies "judicial experience and common sense" to rule on the motion. *See Iqbal*, 556 U.S. at 679. Under Rule 9(b), the plaintiff "must state with particularity the circumstances constituting fraud or mistake." *Pirelli Armstrong Tire Corp. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011).

**B.     Plaintiffs Have Not Stated A Claim For Violation Of ICFA (Count I)**

Plaintiffs have not satisfied the pleading requirements for their ICFA claim. To state a claim, Plaintiffs must plausibly allege "(1) that the defendant committed a deceptive or unfair

---

[4] Further, as State regulations of PFAS in textiles take effect, Plaintiffs seek nothing more than a disfavored "obey the law" injunction. *SEC v. Goulding*, 40 F.4th 558, 563 (7th Cir. 2022).

act; (2) with the intent that others rely on the deception; (3) that the act occurred in the course of trade or commerce; and (4) actual damages; (5) proximately caused by the deception." *Fleury v. GM LLC,* 2023 U.S. Dist. LEXIS 16800, *8-9 (N.D. Ill. Feb. 1, 2023). Plaintiffs' ICFA claim is based on purported omissions by Defendant. (FAC, ¶ 110.) An omission claim under the ICFA is not actionable unless the concealed fact was material and the claim is premised on "omissions from a communication, rather than a general failure to disclose." *Fleury,* 2023 U.S. Dist. LEXIS 16800 at *11-12. Rule 9(b) applies to ICFA claims. *Pirelli*, 631 F.3d at 441.

In *Fleury*, the court found that the plaintiff had failed to state a claim under the ICFA because he had "not connected the dots between the purported omission and a particular communication by GM which he relied on." *Id.*, at *12. Thus, the plaintiff had "failed to plead with particularity that GM made any deceptive omission." *Id.*; accord, *Guajardo v. Skechers USA, Inc.*, 2021 U.S. Dist. LEXIS 179774, *4-5 (C.D. Ill. Sept. 21, 2021) (dismissing ICFA claim; the plaintiff "did not allege any 'direct statements that contain material omissions,' only 'opportunities or locations where Skechers could have disclosed the alleged defect.'").

Plaintiffs' ICFA is deficient under these standards. First, Plaintiffs have failed to identify any advertising that they saw or on which they relied. (FAC, ¶¶ 30, 41.) While they cite two statements by Defendant, Plaintiffs have not connected the dots to show knowledge of or reliance on the statements. They do not allege that they saw either statement prior to making their purchases.

Second, both statements appeared on Defendant's corporate webpage and not on the consumer marketplace page. (*Id.*, ¶¶ 26, n.7; 84, n.34.) Thus, it is not plausible that Defendant communicated anything to these particular Plaintiffs or that Defendant intended Plaintiffs – consumers – to see and rely on these corporate statements in making their purchases.

Third, these statements cannot support an ICFA claim. The ICFA only reaches statements made during "the advertising, offering for sale, sale, or distribution of any services and any property." *G&G Closed Circuit Events, LLC v. Castillo*, 327 F. Supp. 3d 1119, 1133-34 (N.D. Ill. 2018). Plaintiffs have not plausibly alleged that either statement falls within the ambit of ICFA given that neither is alleged to appear on the consumer marketplace webpage.

Finally, the FAC falls short of showing that there has been an actionable omission. Plaintiffs do not allege that either statement is actually false. Rather, they seem to suggest that the statements provided "opportunities or locations where [Defendant] could have disclosed the alleged defect." *Guajardo,* 2021 U.S. Dist. LEXIS 179774 at *6. This is insufficient to state an ICFA omissions claim. *Id*. Plaintiffs' ICFA claim should be dismissed.

## C.      Plaintiffs Have Not Stated A Claim Under The FDUTPA (Count II)

FDUPTA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." *Zlotnick v. Premier Sales Grp., Inc*., 480 F.3d 1281, 1284 (11th Cir. 2007). "The Florida Supreme Court has noted that 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Id*., citing *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)). "This standard requires a showing of 'probable, not possible, deception'" which is likely to cause harm to "a reasonable relying consumer." *Id*., citing *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen*., 761 So.2d 1256, 1263 (Fla. Dist. Ct. App. 2000). When, as here, a FDUPTA claim sounds in fraud, Rule 9(b)'s heightened pleading standard applies. *Inouye v. Adidas Am., Inc*., 2023 U.S. Dist. LEXIS 35990 (M.D. Fla. Mar. 3, 2023) (collecting cases applying Rule 9(b)).

Plaintiffs have failed to state a FDUPTA claim because they have not explained when, or whether, they viewed Defendant's statements or advertising. (FAC, ¶¶ 26, 30, 41, 84.) Thus,

they have failed to allege facts sufficient to show the "causation" element of the claim. *Inouye*, 2023 U.S. Dist. LEXIS 35990 at *8-11 (dismissing claim for failure to allege these facts).

Plaintiffs have also failed to state a FDUPTA claim because they have not sufficiently alleged that any statements or omissions "would have deceived an objectively reasonable person." *Pop v. Lulifama.com LLC*, 2023 U.S. Dist. LEXIS 125429, *12 (M.D. Fla. July 20, 2023) (finding that such facts go to whether plaintiff sufficiently alleged causation). Plaintiffs have not identified any specific marketing statement that they contend is affirmatively false or deceptive. Plaintiffs have also not alleged how or why a reasonable person would believe that Defendant's statement that customers trust it to "provide quality, value and style" means that its products are PFAS-free. (*C.f.* FAC, ¶ 26 *with* ¶¶ 131, 138.) Similarly, they have not alleged facts showing that a reasonable person would take an inferential leap from the language of the Report (*i.e.*, "products undergo testing to support compliance with regulatory requirements …") to the proposition that the products are PFAS-free, particularly when there has been no such regulatory requirement. (*C.f.*, FAC, ¶ 84 *with* ¶¶ 131, 138.) Lacking such allegations, they have failed to plead facts sufficient to show causation.

Finally, Plaintiffs have failed to state a FDUPTA claim because the only identified statements by Defendant were not made in "trade or commerce." FDUTPA defines "trade or commerce" as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). As discussed above, the two statements appeared on Defendant's corporate webpage, not on the consumer marketplace. Because they were not made in "trade or commerce," they are not subject to FDUPTA. *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1322 (S.D. Fla.

2012) (dismissing FDUPTA claim).

### D. Plaintiffs Have Not Stated A Claim For Fraudulent Concealment (Count III)

Plaintiffs have not alleged facts sufficient to show a claim for fraudulent concealment. This claim requires a showing that the "defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Leppert v. Champion Petfoods USA Inc.*, 2019 U.S. Dist. LEXIS 7585, *34 (N.D. Ill. Jan. 16, 2019). A duty to disclose "may be based on a fiduciary relationship or a relationship of trust and confidence where defendant is in a position of influence and superiority over plaintiff" or "may arise when a defendant tells a half-truth and then becomes obligated to tell the full truth." *Id.*

Plaintiffs have failed to allege any facts showing that Defendant had a duty to disclose. (*See generally*, FAC, ¶¶ 151-161.) They do not allege that Defendant was their fiduciary – nor could they since the only relationship here is an arm's length, commercial transaction. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 613-14 (7th Cir. 2013) (finding that a consumer failed to state a fraud-based claim because the parties operated at arm's length). They do not allege that Defendant was in a position of "influence and superiority" over Plaintiffs – nor could they since Plaintiffs allege that PFAS are commonly used in textiles and school uniforms, and Plaintiffs could have purchased school uniform products from others. (FAC, ¶¶ 70, 76; accord, *Leppert*, 2019 U.S. Dist. LEXIS 7585 at *34 (dismissing claim that, because pet food manufacturer knew the facts about its products, it was in a superior position); *Zarinebaf v. Champion Petfoods USA Inc.*, No. 18 C 6951, 2019 U.S. Dist. LEXIS 126517 at *26-27 (N.D. Ill. July 30, 2019) (finding manufacturer had no duty to disclose that its dog food contained heavy metals); *Fleury*, U.S. Dist. LEXIS 16800 at *17-18 (finding a car "manufacturer's knowledge of its vehicles' parts and function does not establish an 'overwhelming influence' over the consumer").) Also, as described in Section IV.B, *supra*, Plaintiffs have not identified any "half-truths" by Defendant.

Therefore, Plaintiffs have not alleged facts showing Defendant owed them any duty to disclose and their concealment claim accordingly fails.

Finally, at all relevant times when Plaintiffs were purchasing their products, Defendant had no Federal or State regulatory duty to test its products for PFAS. To require Defendant to test its products and disclose the results would create a broad mandate for clothing companies to include a disclosure of the existence of any PFAS (intentionally added or simply in the supply chain) in any measurable concentration. That is not the law.

### E. Plaintiffs Have Not Stated A Claim For Breach Of Implied Warranty (Count IV)

Plaintiffs' implied warranty claim fails because they have not alleged any facts that show they were misled. A breach of implied warranty claim requires the plaintiff to show she was misled. *Craw v. Clorox Co.*, 2023 U.S. Dist. LEXIS 176997, *16 (C.D. Ill. Sep. 15, 2023) A court that dismisses an ICFA claim will dismiss a warranty claim that is based on the same theory. *Id.* It is indisputable that Plaintiffs' ICFA and warranty claims are based on the same operative facts, and thus the warranty claim fails. (*C.f.* FAC ¶¶ 108-122 *with* ¶¶ 168-180.)

Further, Plaintiffs have not satisfied the pleading requirements for this claim. For a claim for breach of the implied warranty of merchantability, Plaintiffs had to allege that "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1054 (N.D. Ill. 2022) (dismissing claim because plaintiff did not satisfy the pre-suit notice).

Plaintiffs' failure to allege that they gave Defendant pre-suit notice mandates dismissal of this claim with prejudice. *Id*. (They will not be able to cure this pleading defect.)

Second, the claim fails because the products were merchantable at the time they were purchased. Goods are merchantable if they are fit for their intended purpose or if they conform

to the promises or affirmations of fact made on the container or label. *Walker v. Macy's Merch. Grp., Inc.*, 288 F. Supp. 3d 840, 868 (N.D. Ill. 2017) (finding manufacturer's jacket that caught on fire was merchantable at time of sale because Plaintiff wore the jacket when she was cold, which was its intended use). Here, the clothes were clearly fit for their intended purpose and conformed with their labels or tags because they were marketed as school uniforms and the children wore the clothes to school. (FAC, ¶¶ 28, 30, 39, 41.) Plaintiffs do not allege that their children became ill from wearing the clothes and do not allege that the clothes wore out or ripped, preventing usage. Thus, this claim should be dismissed.

F.  **Plaintiffs Have Not Stated A Claim For Unjust Enrichment (Count V)**

Because Plaintiffs' consumer fraud claims fail, their unjust enrichment claim fails as well. An unjust enrichment claim "will stand or fall" with the substantive claims for consumer fraud. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Without proof of deception, the claim is "not viable because the plaintiff could not show that the company was unjustly enriched." *Id.* at 518. Plaintiffs' claims here depend on the alleged fraud and omission claims. (*See, e.g.,* FAC, ¶ 185 ("Plaintiffs and the Class Members' detriment and Defendant's enrichment were related to and flowed from the wrongful conduct alleged herein and the Class Members.").) For the reasons already stated, Plaintiffs' consumer fraud allegations fail and, accordingly, so does their unjust enrichment claim.

## V.
## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order: (i) dismissing Plaintiffs' FAC for lack of subject-matter jurisdiction pursuant to Federal Rule 12(b)(1); (ii) dismissing Plaintiffs' FAC for failure to state a claim pursuant to Federal Rule 12(b)(6); and (iii) awarding any further relief the Court finds appropriate and just.

Date: December 22, 2023  Respectfully submitted,

/s/ *Abby H. Meyer*
P. Craig Cardon, Cal. Bar No. 168646 (*pro hac vice*)
Jeffrey J. Parker, Cal. Bar No. 155377 (*pro hac vice*)
Abby H. Meyer, Cal. Bar No. 294947 (*pro hac vice*)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
1901 Avenue of the Stars, Suite 160
Los Angeles, California 90067-6055
Telephone: (310) 228-3700
Fax: (310) 228-3701
CCardon@sheppardmullin.com
JParker@sheppardmullin.com
AMeyer@sheppardmullin.com

David M. Poell (ARDC #6302765)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 N. Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6300
Fax: (312) 499-6301
DPoell@sheppardmullin.com

*Attorneys for The Children's Place, Inc.*